FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
01/29/2021 11:13 AM
CV 2021 01 0126

### IN THE COURT OF COMMON PLEAS, BULTER COUNTY, OHIO
### Civil Division

| | | |
|---|---|---|
| **TATE FISHMAN** : | Case No. | _____ |
| **5492 Crossbridge Drive** | | |
| **West Chester, Ohio 45069** : | Judge | _____ |
| **Plaintiff,** : | | |
| vs : | | |
| **ALEXANDRA POLUR-GOLD** : | **COMPLAINT AND JURY DEMAND** | |
| **507 Briar Hill Road** | | |
| **Louisville, Kentucky 40206** : | | |
| **Defendant.** : | | |

Now comes Plaintiff, Tate Fishman, by and through undersigned counsel and for his Complaint states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Tate Fishman, is a resident of Butler County, Ohio whose address is 5492 Crossbridge Drive, West Chester, Ohio 45069.

2. Plaintiff is also a full time student at the Ohio State University and resides in campus housing in Columbus, Ohio while attending school.

3. Defendant, Alexandra Polur-Gold, has an address of 507 Briar Hill Road, Louisville, Kentucky 40206

4. Plaintiff states that jurisdiction and venue are proper in Butler County, Ohio as all material acts herein occurred and affected Plaintiff in Butler County, Ohio.

5. Defendant's actions that led to the cause of actions herein were observed by Plaintiff and others including, among others, Plaintiff's family and acquaintances in Butler County where Plaintiff resides.

**FACTUAL BACKGROUND**

6. On or about June 2017, when Plaintiff was fifteen (15) years old, Plaintiff participated in a summer camp known as Adventures Unlimited held at Camp Livingston, Bennington, Indiana. The camp is put on and conducted for Jewish youth and abides by high standards.

7. Plaintiff first met Defendant at camp while the campers were involved in a nightly activity of music and a campfire. Plaintiff was first approached by Defendant as he was laying in a hammock while listening to music around the campfire and Defendant was asked to sit in the hammock along with Plaintiff and another male camper. To the best of Plaintiff's knowledge, Defendant was also fifteen (15) years old at the time.

8. At some point Plaintiff fell asleep while listening to the music and it is believed the Defendant remained in the hammock. Plaintiff was startled by a noise that came from other campers and when he woke up he pushed with his arms in an effort to sit up and while doing so, Plaintiff accidentally made contact with the lower abdomen area of Defendant's body.

9. Plaintiff immediately apologized and was told by Defendant immediately that there was no harm or injury to her. Plaintiff then went to his own tent and remained in the tent the remainder of the night and slept.

10. The next morning, Plaintiff observed Defendant by a bus talking to a counselor and Defendant was crying and upset. Plaintiff was then approached and asked what had occurred the night before. Plaintiff advised he was laying in the hammock and after being startled he accidentally pushed up on Defendant's lower abdomen but that there was no ill will or negative intent. Plaintiff denied any sexually activity or advances.

11. Plaintiff was then separated from the other campers and was advised that he was being removed from the camp while an investigation occurred.

12. After being removed from the camp, Plaintiff was contacted by the camp administration and advised that an investigation was conducted and that the camp determined that any claims that Defendant had made that she was sexually assaulted were false and that Plaintiff was invited to future camps. Plaintiff was further advised that Defendant would not be permitted to attend any future camps.

13. Plaintiff returned the following year to the summer activities put on by the same organization. Defendant was not present and Plaintiff had no further contact or interaction with Defendant.

14. To the best of Plaintiff's knowledge and information, the police or any other authorities were not contacted as the camp felt that there was insufficient evidence to contact the authorities as the reports made by Defendant were false and warranted no further investigation.

15. On or about, October 10, 2020, Defendant posted on Instagram a false written statement stating that when she was 15 years old that Plaintiff had sexually assaulted her while at a summer camp and that he made numerous sexual advances toward her. Defendant further in her post asked others to share the post and to spread the false narrative that Plaintiff had sexually assaulted her.

16. In her post, Defendant identified Plaintiff by name and shared a picture of Defendant in his Lakota West high school basketball uniform as well as stated that he was a current student at The Ohio State University.

17. Defendant's post received hundreds of likes and numerous comments. It is further believed that anyone who did not agree with Defendant's post, she would remove the comments and block them in further support of her false narrative that Plaintiff had sexually assaulted her.

18. Demand was made for Defendant to remove the post, but she has refused, and the post remains on Instagram.

## COUNT 1 – DEFAMATION PER SE

19. Plaintiff, Tate Fishman, reaffirms and realleges each and every allegation of this Complaint as if fully written herein.

20. In or around October 10, 2020 Defendant, made a false statement on Instagram that Plaintiff had sexually assaulted her when she would have been a minor.

21. Defendant knew or should have known that said statements she was making in the Instagram post were false.

22. Defendant's acts and published statements were made maliciously and negligently in making said statements with reckless disregard for their truth. As a result, Plaintiff has suffered mental anguish, humiliation, loss of reputation in the community, attorney fees and litigation costs.

23. After demand, Defendant Alexandra Polur-Gold, has refused to stop making said defamatory statements and has continued to do so all with the continuing damages to Plaintiff as previously stated.

24. Defendant's statements that Plaintiff engaged in sexual acts with her are per se defamatory.

## COUNT 2 – DEFAMATION PER QUOD

25. Plaintiff, Tate Fishman, reaffirms and realleges each and every allegation of this Complaint as if fully written herein.

26. In or around October 10, 2020 Defendant, made a false statement on Instagram that Plaintiff had sexually assaulted her when she would have been a minor.

27. Defendant knew or should have known that said statements were false.

28. Defendant' acts and published statements were made maliciously and negligently in making said statements with reckless disregard for their truth. As a result, Plaintiff has suffered mental anguish, humiliation, loss of reputation in the community, attorney fees and litigation costs.

29. After demand, Defendant Alexandra Polur-Gold, has refused to stop making said defamatory statements and has continued to do so all with the continuing damages to Plaintiff as previously stated.

30. Defendant's statements that Plaintiff engaged in sexual acts with her are per quod defamatory.

WHEREFORE, Plaintiff demands judgment against Defendant, Alexandra Polur-Gold as follows:

1. Compensatory damages in excess of $25,000, on each applicable count;

2. Punitive damages in the excess of $25,000 on each count;

3. Temporary and permanent injunctive relief to remove the post and restriction from future posts and/or statements;

4. Reasonable attorney fees and Court costs;

5. Such and other further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Kevin D. Hughes

Kevin D. Hughes (0065620)
Attorney for Plaintiff
20 South Main Street
Springboro, OH 45066
Telephone No. (937) 748-8412
Fax No. (937) 748-8409
Email: khughes@khugheslaw.com

## JURY DEMAND

Plaintiff hereby requests that this case be tried before a jury of his peers as provided in the Ohio Rules of Civil Procedure.

/s/ Kevin D. Hughes
_____
Kevin D. Hughes (0065620)
Attorney for Plaintiff

## REQUEST FOR SERVICE

**TO THE CLERK:**

Please issue a copy of the foregoing Complaint to Defendant Alexandra Polur-Gold, by way of certified mail, return receipt requested.

_____
Kevin D. Hughes (0065620)
Attorney for Plaintiff